IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EMILY ANN SVOBODA, | CV 24-79-M-DWM |
| Petitioner, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Emily Ann Svoboda, a pretrial detainee represented by counsel in her federal criminal matter, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Svoboda also seeks leave to proceed in forma pauperis. (Doc. 2.) Svoboda alleges medical misconduct has occurred and that she is being transferred between facilities without being provided her medication. (Doc. 1 at 2.) She states that she is mentally unfit to stand trial and suggests that her appointed counsel has provided ineffective assistance by not advocating zealously on her behalf. (*Id.* at 2, 5.) Svoboda asserts her rights under the Sixth, Eighth, Ninth, and Fourteenth Amendments have been violated. (*Id.* at 6-7.) She asks that the criminal charges against her be dismissed. (*Id.* at 7.)

Title 28 Section 2241 "provides generally for the granting of writs of

1

habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (2004)). Section 2241 provides the authority for granting habeas relief to a person who is not in custody pursuant to a judgment but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. Section 2241 allows Svoboda to petition for a writ of habeas corpus if "[she] is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241( c)(3).

Svoboda's petition does not allege such a circumstance. She asserts ineffective assistance of her current criminal counsel and apparently disagrees with a recent order that she undergo a psychiatric evaluation in her criminal matter. *See U.S. v. Svoboda*, CR 24-8-M-DWM, Ord. (Doc. 63). In her petition, however, she also seems to request that she be screened for certain conditions during the court-ordered evaluation. *See* (Doc. 1 at 2.) Svoboda also takes apparent issue with not having had a detention hearing in her criminal matter. (*Id.*)

Svoboda's agreement or disagreement with the evaluation ordered in her criminal case, does not convert her legal custody into illegal custody. If she believes her custody to be illegal, she may move for a detention hearing in her criminal case. Additionally, any dissatisfaction with her legal counsel must be

2

raised in that matter. A petition for habeas corpus is not a method for pursuing an interlocutory appeal in her criminal case.

Accordingly, IT IS ORDERED:

1. Svoboda's petition for habeas corpus is DISMISSED. The motion to proceed in forma pauperis (Doc. 2) is DENIED. The Clerk of Court is directed to close this case.

2. The Clerk of Court is directed to serve a copy of this Order on Svoboda's counsel in *U.S. v. Svoboda*, CR 24-8-M-DWM.

DATED this 11th day of June, 2024.

Donald W. Molloy, District Judge
United States District Court